IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS JAMES MARTINEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING STIPULATED MOTION FOR CONCURRENT SERVICE OF SENTENCE<br><br>Case No. 1:09-CR-74 TS |

This matter is before the Court on the parties' Stipulated Motion for Concurrent Service of Sentence.[1] For the reasons discussed more fully below, the Court will deny the parties' Motion.

## I. BACKGROUND

A federal Indictment was brought against Defendant on September 16, 2009, charging him with one count of possession with intent to distribute fifty grams or more of methamphetamine.[2] On June 21, 2010, the Government moved for a writ of habeas corpus ad prosequendum to remove Defendant from state custody. The Court granted the Government's Motion and Defendant made his initial appearance in this case on June 22, 2010.

Defendant entered a plea of guilty and, on April 18, 2011, was sentenced to a term of ninety months in the custody of the Bureau of Prisons ("BOP"). Though Defendant's state

---

[1] Docket No. 51.

[2] *See* Docket No. 1.

1

charges remained outstanding, the parties did not request that Defendant's federal sentence run concurrent to any state sentence imposed.

Defendant was returned to state custody and, on April 20, 2011, pleaded guilty to state charges. The state court sentenced Defendant to an indeterminate term not to exceed five years in the custody of the Utah State Prison. The state court indicated that "[t]he sentence in this case may run concurrently with the sentence imposed in Defendant's federal case."[3]

Defendant was placed in the custody of the Utah State Prison until he was released to a federal detainer on April 3, 2012. He arrived at federal prison on May 11, 2012. Upon arrival in federal prison, Defendant determined that the BOP did not give Defendant credit for any of his time spent in state custody.

## II. DISCUSSION

The parties move the Court to order that the sentence in this case be served concurrent to the sentence imposed in Defendant's state case. The parties also request that the Court recommend that the BOP designate Defendant nunc pro tunc to the state facilities where he served his sentence in the state case.

"Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings."[4] It is also within a district court's discretion to order that a federal sentence run concurrently to an

---

[3] Docket No. 51-2, at 10.

[4] *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012) (citing *Oregon v. Ice*, 555 U.S. 160, 168–69 (2009)).

anticipated state sentence.[5]  The question presented here is whether this Court may exercise that discretion retroactively and order that the BOP recognize that Defendant's sentences be served concurrently.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[6]  Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. §§ 2241 or 2255, a motion under 18 U.S.C. § 3582(c), and a motion under Federal Rule of Criminal Procedure 36.  Here, the parties do not seek to avail themselves of any of these grounds.  Rather, the parties argue that this Court is authorized to order the concurrent service of a federal and state sentence pursuant to BOP Policy Statement 5160.05 ¶ 9(b)(3).  The parties appear to argue that such an order does not fall under one of the traditional methods for amending a judgment in a criminal matter because "when a court enters such orders, it is not modifying the length of the sentence previously imposed but merely provides direction to the BOP about how the sentence should be executed."[7]

The parties' agreement that PS 5160.05 authorizes this Court to retroactively order concurrent service does not provide the Court jurisdiction to act.  The United States Supreme Court has made clear that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."[8]  Nothing in PS 5160.05 purports to allow a district court to revisit a sentence that has already been imposed.

---

[5] *Id.* at 1473.

[6] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[7] Docket No. 51, at 3.

[8] *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)).

The parties also request that the Court recommend nunc pro tunc designation pursuant to BOP PS 5160 ¶ 9(b)(4). The Tenth Circuit has held that a district court lacks jurisdiction "to issue a nunc pro tunc order and modify [a defendant's] sentence."[9] PS 5160 ¶ 9(b)(4) does not change this outcome. Other courts have held that while a "district court has no authority under [PS] 5160.05 to make a nunc pro tunc designation, . . . it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition."[10] The same cases make clear, however, that there is no case or controversy ripe for review through a habeas petition until after the BOP has made a determination as to whether to make a nunc pro tunc designation.[11] Further, Defendant must exhaust his administrative remedies with the BOP prior to bringing a federal habeas suit.[12]

In short, while the Court is sympathetic to Defendant's plight, it is without jurisdiction or authority to provide the relief Defendant seeks. The Court encourages Defendant to seek a nunc pro tunc designation from the BOP. If requested by the BOP, the Court will provide a recommendation to the BOP to support Defendant's request for retroactive designation.

---

[9] *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[10] *United States v. Jack*, --- F. App'x ----, 2014 WL 1716759, at *2 (5th Cir. May 2, 2014).

[11] *See Pierce v. Holder*, 615 F.3d 158, 160 (5th Cir. 2010) (citing *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992); *Reed v. United States*, 262 F. App'x 114, 116 (10th Cir. 2008) (unpublished); *United States v. Jeter*, 161 F.3d 4, 1998 WL 482781, *2 (4th Cir. 1998) (unpublished table decision)).

[12] *See Lucero v. Wiley*, 354 F. App'x 346, 347–48 (10th Cir. 2009) (unpublished).

## III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the parties' Stipulated Motion for Concurrent Service of Sentence (Docket No. 51) is DENIED.

DATED this 4th day of June, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge